UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-112-TAV-DCP |
| | ) | |
| APRIL BRABSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant April Brabson's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [Doc. 23], filed on November 10, 2025.

Defendant requests the Court to continue the motion deadline, set for November 11, 2025, the plea deadline, set for November 14, 2025, and the trial date, set for December 9, 2025 [*Id.* ¶ 1]. In support of her motion, Defendant states that her counsel requests the additional time to allow for research and investigation to be completed to assist in the determination as to whether or not pretrial motions should be filed [*Id.* ¶ 2]. Defendant had her initial appearance for the pending indictment on October 8, 2025 [*Id.*]. Prior to the initial disclosure of discovery, the Government requested a Protective Order for the discovery materials [Doc. 18] and Defendant responded [Doc. 20], opposing some of the requests [*Id.*]. While the issue of the Protective Order has been pending, discovery has not been produced, and once it is produced, Defendant states her counsel will need additional time to review it with her [*Id.*].[1] Defendant explains that due to the anticipated Protective

---

[1] The Protective Order was entered on November 12, 2025 [Doc. 26].

Order, some of the discovery will need to be reviewed in person with Defendant, who is currently on conditions of release, but lives in West Tennessee [*Id.*]. Additional time will allow for necessary travel for her counsel to meet with Defendant to review the discovery materials in full [*Id.*]. Furthermore, Defendant's counsel needs additional time to review the discovery, the sentencing guidelines, and the potential impact of a conviction with Defendant [*Id.*] Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 5]. Defendant understands that the period of time between the filing of the motion to continue and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 4].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to receive and review discovery, be advised by her counsel, consider pretrial motions, and otherwise prepare for trial. The Court finds that all of this cannot occur before the December 9, 2025 trial date.

The Court therefore **GRANTS** Defendant April Brabson's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 23**]. The trial of this case is reset to **May 5, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on November 10, 2025,

2

Case 3:25-cr-00112-TAV-DCP   Document 27   Filed 11/18/25   Page 2 of 3   PageID #: 96

and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant April Brabson's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 23**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 5, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **November 10, 2025**, and the new trial date of **May 5, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline to file pretrial motions is **December 12, 2025**. Responses to the pretrial motions are due **November 29, 2025**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 3, 2026**;

(6) the deadline for filing motions *in limine* is **April 20, 2026**. Responses to motions *in limine* are due on or before **April 28, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **April 21, 2026, at 11:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 24, 2026.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge