UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-112-TAV-DCP |
| | ) | |
| APRIL CHRISTINE BRABSON and | ) | |
| BRYANT THOMAS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Bryant Thomas's Motion to Continue Trial Date and Related Deadlines [Doc. 36], which was filed on January 28, 2026.

Defendant Thomas asks the Court to continue the trial in this case [*Id*. at 1]. In support of his motion, Defendant asserts counsel needs additional time to review discovery, prepare motions, and prepare the case for trial [*Id*. ¶¶ 2–3]. Additionally, Defendant states his counsel needs additional time to allow the parties to seek a resolution [*Id*. ¶ 4].

Defendant's motion reflects the Government does not object to the requested continuance [*Id*. ¶ 6]. Counsel for Defendant Thomas confirmed he understands the period of time between the filing of this motion and a rescheduled trial date are fully excludable under the Speedy Trial Act. [*Id*. ¶ 5].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Specifically, the parties need additional time to review discovery, prepare motions, explore potential resolution, and, if unsuccessful, prepare for trial. The Court finds that this cannot occur before the February 17, 2026, trial date. Additionally, it appears Defendant's initially scheduled trial date did not line up with that of Co-defendant April Brabson. Therefore, the Court resets the trial date to align with that of Co-defendant Brabson.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial Date and Related Deadlines [**Doc. 36**]. The trial date is reset to **May 5, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on January 28, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Trial Date and Related Deadlines [**Doc. 36**] is **GRANTED**;

(2) the trial date is reset to commence on **May 5, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **January 28, 2026**, and the new trial date of **May 5, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is reopened and due on or before **March 5, 2026**, and responses to pretrial motions are due on or before **March 19, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 3, 2026**;

(6) the deadline for filing motions *in limine* is **April 20, 2026**, and responses to motions *in limine* are due on or before **April 28, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **April 21, 2026, at 11:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 24, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge